UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| BRUCE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-166-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| APPALACHIAN REGIONAL | ) | |
| HEALTHCARE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In this matter Defendants filed a motion styled as a Motion for Judgment as a Matter of Law, but brought it pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(c), and 56.  R. 21.  Plaintiff filed a single document that served both as his response to Defendants' Motion, R. 21, and as a second Motion to Remand.  R. 23.  Though Plaintiff styled this document as both a Motion to Remand and his Response to Defendant's motion, he did not respond to any of the assertions in Defendant's Motion, R. 21.[1]  Defendants then filed a Response in Opposition to Plaintiff's Motion to Remand, R. 27, and a Reply in support of their Motion for Judgment as a Matter of Law, R. 26. These motions were initially set for a hearing on February 18, 2009, in Pikeville, Kentucky, *see* R. 25, but after reviewing the parties' briefs and the relevant law, the Court has determined a hearing is not necessary.

---

[1]Though the Court could consider Plaintiff's failure to respond to be a waiver and/or admission of Defendant's assertions, *see Humphrey v. U.S. Attorney Gen. Office*, No. 07-3740, 2008 WL 2080512 (6th Cir. May 15, 2008), the Court will nevertheless consider the merits of these assertions in making its ruling.

## FACTUAL BACKGROUND

Plaintiff Bruce Smith was an employee of Defendant Appalachian Regional Healthcare, Inc. ("ARH") at its South Williamson location and a member of United Steelworkers (the "Union") when he participated in a strike. R. 1, Attach. 2 at ¶¶ 2, 5, 11 After the strike, ARH recalled Smith to work as a janitor. R. 21, Exh. A at 54 (Smith depo.). The job entailed cleaning and preparing patient rooms. *Id.*

On May 1, 2007, Smith returned to work. Immediately, he was involved in several incidents of insubordination. First, his supervisor, Donna Williamson, instructed him not to leave his cleaning cart to search for supplies because they had been moved during the strike. *Id.* at 60. Williamson told him to contact her if he needed supplies. *Id.* Smith ignored this instruction and left his cart on at least two occasions to find supplies. *Id.* at 60-61; 66-67. He did this even though he knew that it was a violation of the "Joint Commission rules." *Id.* at 60.

Also, on May 1, 2007, Smith received a call from an employee who needed a Union representative. *Id.* at 70-71. His supervisor asked him not to go, but he defied her order. *Id.* at 73-75. Next, the Human Resources Manager, Martha Harvel, contacted him and asked him to return to work. *Id.* at 89. Initially, he defied her order as well. *Id.* at 90. Not until Harvel went to see him in person did he comply with her request. *Id.* at 89-90.

He returned to work on May 2, and there were no incidents that day. The same cannot be said for May 3. First, he left his work area to find a chair for a family member of a patient. *Id.* at 95. When he entered the hallway, he saw several janitors dealing with an irate patient. *Id.* at 95–97. Williamson instructed him to go back to his work area because they were trying to deal with this patient. *Id.* Smith ignored this instruction. *Id.* She then had to instruct him again, and he complied. *Id.*

Based on these events, Williamson requested that Smith meet with her privately. *Id.* at 99. Smith, however, wanted a Union representative. *Id.* at 99. When he obtained his representative, he went to Williamson's office. *Id.* at 101. She was not ready to meet at that time. *Id.* She claims that she told Smith to return to work, R. 21 Exh. B (Williamson Depo.) at 93, but Smith does not recall what she said. R. 21 Exh. A at 101. When Williamson went to look for Smith, she found his cart once again unattended. *Id.* at 102-103. Shortly thereafter ARH fired Smith for insubordination.

The Union and ARH are parties to a Collective Bargaining Agreement ("CBA") that governs Plaintiff's employment. *See generally* R. 21, Exh. F (CBA). The CBA requires that a Union member submit any dispute regarding their employment to ARH. R. 21, Exh. F at Art. 33 (CBA). On May 14, 2007, Plaintiff filed a grievance protesting his discharge from ARH. R. 21, Exh. G at 2–3 (Arbitral Award). He also filed a claim for unemployment insurance benefits with the Kentucky Unemployment Insurance Commission (KUIC). *See* R. 1, Attach. 2 at ¶ 8 (alleging defamation for statements made in connection with the KUIC claim).

The parties fully arbitrated the issues relating to Smith's discharge and the alleged violations of the CBA. *See* R. 21, Exh. G (Arbitral Award). The arbitrator held a hearing where witnesses testified, and he considered post-arbitration briefs. He ultimately determined ARH had good cause to discipline Smith because the evidence established Smith engaged in insubordinate conduct. *Id.* at 34. The arbitrator decided, however, that the appropriate punishment was to convert Plaintiff's discharge into a fourteen-month, unpaid suspension because of Plaintiff's long work history without incident. *Id.* at 45. The arbitrator entered his decision on July 27, 2008, *id.* at 46, during the pendency of this matter. ARH complied with the arbitrator's decision and reinstated Plaintiff. R. 21, Exh. A at 122 (Smith depo.). Neither party appealed the decision of the arbitrator, and it is now

3

final.  *See id.*

The suit has now returned from arbitration and Smith seeks damages for wrongful termination, termination as a result of union activities, age discrimination, and defamation.  *See* R. 1, Attach. 2.  He concedes that the arbitrator addressed his claims for breach of the CBA and violation of his *Weingarten* rights.  *See* R. 23.

For purposes of the Defendants' motion for summary judgment and Plaintiff's motion to remand, the complaint's allegations can be grouped into three broad categories: Counts II and VII allege violations of the collective bargaining agreement, Counts I and III allege discrimination on the basis of union membership and support, and Counts IV and V allege state law claims for defamation and age discrimination.

## JURISDICTION

Plaintiff raised the issue of this Court's jurisdiction in his previous and current motions to Remand.  *See* R. 5; R. 23.  Defendants' Notice of Removal, R. 1, alleged that this Court had both federal question and diversity jurisdiction over this matter.  Plaintiff filed an initial Motion to Remand, R. 5, on October 14, 2007, in which he argued that this Court did not have federal question jurisdiction.  Judge Van Tatenhove denied this motion in a thorough and well-thought-out Memorandum Opinion & Order.  R. 9.  He determined that Counts II and VII presented federal questions and exercised supplemental jurisdiction over the remaining claims.  *Id.* at 6.  Thus, he did not reach the question of diversity jurisdiction.  *Id.* at 6 n.2.

The parties agree that Counts II and VII are no longer before this Court as a result of the arbitrator's ruling, which neither party appealed.  *See* R. 23 at 3–4; R. 26 at 2–3.  This Court, however, need not decide whether to exercise supplemental jurisdiction over the remaining claims

4

because diversity jurisdiction exists.

Diversity jurisdiction exists in suits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332. Both citizenship and the amount in controversy are determined at the time of filing, and later changes in the amount in controversy does not deprive a federal court of jurisdiction. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction."); *see also Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 783 (E.D. Ky. 2008) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.") (citations omitted).

Defendants in their Notice of Removal, R. 1, alleged that Plaintiff was a citizen of West Virginia and both Defendants were citizens of Kentucky. *Id.* at ¶ 5.[2] Thus, they alleged complete diversity of citizenship. They also alleged that, according to the information in the Complaint, the amount in controversy exceeded $75,000. *Id.* Plaintiff has never challenged either of these assertions, and they were both apparently confirmed throughout discovery. *See* R. 27 at 3–5. Though Plaintiff now indicates that his claim has been reduced to approximately $30,000 by his reinstatement, R. 23 at 3, this reduction in his claim does not deprive this court of its jurisdiction. *See Rogers*, 230 F.3d at 872. As such, the Court has diversity jurisdiction over this matter and may

---

[2]The Kentucky defendants properly removed this case because a federal question existed. 28 U.S.C. § 1441(b). The home-state defendant rule only bars removal when a case is removed solely on the basis of diversity jurisdiction. Since a federal question existed at the time of removal, this rule does not apply. In any event, Plaintiff never raised this rule, and the Court cannot raise it *sua sponte*. *See Page v. City of Southfield*, 45 F.3d 128, 134 (6th Cir. 1995) ("[W]e are persuaded that the better reading of § 1447(c) prohibits a district court from remanding *sua sponte* for a procedural defect.").

consider the Plaintiff's remaining claims.

ALLEGATIONS OF CBA VIOLATIONS

As discussed previously, the parties agree that the arbitrator dealt with the claims underlying Counts II and VII . *See* R. 22 at 3–4; R. 26 at 2–3.  Neither party appealed.  *See* R. 21, Exh. A at 122.  Thus, the Court hereby dismisses Counts II and VII.

In addition, Plaintiff's Complaint only mentions Donna Williamson in Counts II and VII, *see generally* R. 1, Attach. 2; therefore, she is no longer a part of this action.

ALLEGATIONS OF DISCRIMINATION ON THE BASIS OF UNION MEMBERSHIP AND SUPPORT

Section 7 of the NLRA provides that "[e]mployees shall have the right ... to form, join, or assist labor organizations ... and to engage in ... concerted activities for the purpose of collective bargaining or other mutual aid or protection[.]" 29 U.S.C. § 157.  According to Section 8(a)(1) of the NLRA it is "an unfair labor practice for an employer - (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title . . . ."  29 U.S.C. § 158(a)(1).  Courts have interpreted these provisions to mean that "the NLRA prohibits employers from discharging employees in retaliation for union activities, including union organizing activities." *McGlone v. Cintas Corp.*, No. 93-6062, 1994 U.S. App. Lexis 24588, at *8. (6th Cir. Sept. 8, 1994);[3] *see, e.g.*, *Goldtex, Inc. v. NLRB*, 14 F.3d 1008 (4th Cir.1994) (holding that sections 8(a)(1) and 8(a)(3) of the NLRA applied to the discharge of four employees who were allegedly terminated because they were involved in a union organizational drive); *Cumberland Farms, Inc. v. NLRB*, 984 F.2d 556, 560 (1st Cir.1993) ("When an employer discharges an employee for supporting a union,

---

[3]Unpublished decisions of the Sixth Circuit are not binding under the doctrine of stare decisis. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007).  Accordingly, the Court considers such decisions for their persuasive value only.  *See id.*

he violates [section 8(a)(3) of the NLRA].").

The NLRB has the primary jurisdiction to determine "what kind of conduct is either prohibited or protected by the NLRA." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 748 (1985).  Accordingly,

> When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.

*San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).  This rule prohibits both "regulatory or judicial remedies for conduct prohibited or arguably prohibited by the Act." *Wisconsin Dep't of Indus., Labor and Human Relations v. Gould, Inc.*, 475 U.S. 282, 286 (1986).

Here, in Counts I and III of his Complaint, R. 1, Attach. 2, Plaintiff, a Union Steward, seeks redress for his wrongful termination on the basis that it was "a result of the overt and covert attempts by ARH, Inc. [t]o discharge and refuse to call back certain members of local 14398 who were involved and/or led the Union Strike from March 31 thru May 1, 2007 between said Union and the Defendant, ARH."  R. 1, Attach. 2 at ¶¶ 1-3, 5.  Thus, he seeks redress for his termination "in retaliation for union activities."  *See McGlone*, 1994 U.S. App. Lexis 24588, at *8.  "Whether or not he intended to plead it, the plaintiff defined an unfair labor practice." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).  Since termination in retaliation for union membership or support is prohibited by Section 8 of the NLRA and violations of Section 8 are within the exclusive jurisdiction of the NLRA, this Court does not have jurisdiction to hear Smith's wrongful termination claims as alleged in Counts I and III of his Complaint, and accordingly, it must dismiss these claims.

## STATE LAW CLAIMS OF DEFAMATION AND AGE DISCRIMINATION

ARH also seeks summary judgment on the state law claims in Counts IV and V of Plaintiff's Complaint.   Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  When evaluating a motion for summary judgment, the Court must draw all inferences and view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322–25.  Once the movant meets this burden, the burden shifts and the opposing party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Rule 56(e) "requires the nonmoving party to go

8

beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

**Defamation**.  It is unclear precisely how Plaintiff alleges ARH defamed him.  His sole allegation of defamation states: "the Defendant, ARH, has defamed the Plaintiff in his termination, and in written denial, by Martha Harvel, on behalf of ARH, of his request for unemployment benefits, and that said defamation is per se." R. 1, Attach. 2 at ¶ 8 (Count V).  In response to this allegation, ARH puts forth four reasons why Smith's defamation claims cannot proceed: 1) the defamation claims stemming from statements made in connection with Smith's unemployment claims are barred by KRS § 341.190(6), 2) ARH is protected by an absolute testimonial privilege and an absolute privilege for any statements Smith solicited from ARH, 3) ARH is entitled to qualified immunity for any statements made by ARH employees, including those reporting inappropriate conduct, and 4) Smith cannot claim defamation because ARH's statements were true.  Plaintiff has not responded to any of these arguments, nor has he explained  precisely what ARH statements he claims were defamatory.  Because ARH supports its fourth argument with sufficient evidence for the Court to grant summary judgment, the Court need not consider the other arguments.[4]

_____

[4]As an aside, it appears that ARH's other arguments are also correct.  KRS § 341.190(6) prohibits defamation claims based on KUIC proceedings; it provides: "No information or records held confidential under subsection (3) of this section shall be the subject matter or basis for any suit for slander or libel in any court, but no employer or employee, or his representative, testifying before the commission, the secretary, or any duly authorized representative thereof, shall be exempt from punishment for perjury." *Id.*; *see* KRS § 341.190(3) ("Information obtained from an employing unit or individual . . . are confidential . . . .").  It also appears that ARH makes out a claim for both absolute and qualified immunity in its brief. *See* R. 21 at 20–23.

9

Truth is a complete defense to a claim for defamation in Kentucky, and "thus a defendant able to prove the truth of the defamatory statement at issue cannot be held liable for defamation." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 795–96 (Ky. 2004); *see Lassiter v. Lassiter*, 280 Fed. App'x 503, 504 (6th Cir. 2008). A defendant has the burden of proving truth by a preponderance of the evidence. *Stringer*, 151 S.W.3d at 796. "Accordingly, 'if the evidence supports, without contradiction or room for reasonable difference of opinion, the defense that these [statements] were substantially true'" then summary judgment is appropriate. *Id.* (quoting *Herald Pub. Co. v. Feltner*, 164 S.W. 370, 372 (Ky. 1914)).

Nothing here contradicts the evidence presented by ARH. In his arbitral opinion, the arbitrator found that Plaintiff was "guilty of the misconduct of which he is accused" and that he was rightfully disciplined for insubordination. R. 21, Exh. G at 33–34. Plaintiff admitted the facts on which the arbitrator made this decision—that he left his cleaning cart at least three times even though he had been instructed not to do so, that he ignored orders not to leave work to participate in a disciplinary hearing, and that he also ignored direct orders to return to work. *See* R. 21, Exh. A at 60–61, 66–67 (Smith depo.). Despite the evidence ARH has submitted that any statements it made were truthful, Plaintiff has submitted no evidence to rebut ARH's claim or in support of his claim for defamation. Since Plaintiff cannot simply rest on his pleadings at the summary judgment stage, *Celotex*, 477 U.S. at 324, this Court must enter judgment in favor of ARH.

**Age Discrimination**. Finally, ARH seeks summary judgment on the allegation in Count IV of Plaintiff's complaint: that "his termination [was] in violation of KRS 344.010 et seq," R. 1, Attach. 2 at ¶ 6. When claiming age discrimination under Kentucky law, a plaintiff is subject to the burden-shifting test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

10

*Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 25 (Ky. 2008).  Thus, a plaintiff must first establish a prima facie case for age discrimination by proving that he: "(1) was a member of a protected class; (2) was discharged; (3) was qualified for the position from which [he] was discharged; and (4) was replaced by [a significantly younger person]." *Id.* (citing *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 349 (6th Cir. 1997) and *Williams v. Wal-Mart Stores, Inc.*, 184 S.W.3d 492, 496 (Ky. 2005)).  Once he does so, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the discharge.  *McDonnell Douglas Corp.*, 411 U.S. at 802.

ARH claims that Smith cannot make out his prima facie case because he cannot establish the third and fourth prongs.  In order to show that he was qualified—as required by the third prong–Smith must present evidence "that he was performing his job 'at a level which met his employer's legitimate expectations.'"  *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990) (citing *Huhn v. Koehring*, 718 F.2d 239, 243 (7th Cir. 1983)); *see Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 372 (6th Cir. 1999) ("The role of the court is not to review the employer's business decisions, but rather to determine if the employee was performing to the employer's reasonable satisfaction.").  Smith failed to do so.  First, he engaged in "unacceptable behavior," as discussed above, *see* R. 21, Exh. A at 60–61, 66–67 (Smith depo.), which violated ARH's Guidelines for Conduct Policy.  *See* R. 21 Exh. C.  This, in turn, amounted to insubordination, which at the very least justified a suspension.  *See, e.g.,* R. 21 Exh. D.  Indeed, the arbitrator specifically found that ARH was justified in disciplining Smith for his insubordination.  Though Plaintiff may disagree with his superiors about the propriety of his conduct, challenging the judgment of ARH is not enough to raise a material issue of fact for trial.  *See Union Camp Corp.*, 898 F.2d at 1160 ("'[McDonald] does not raise a material issue of fact on the question of the quality of his work

11

merely by challenging the judgment of his supervisors.'" (alterations in original) (quoting *Kephart v. Inst. of Gas Tech.*, 630 F.2d 1217, 1223 (7th Cir. 1980)).   Smith cannot merely rest on the allegations in his Complaint to withstand summary judgment on this issue, *Celotex*, 477 U.S. at 324, and he has not presented any evidence to establish this prong of his prima facie case.

Similarly, Smith cannot satisfy the fourth prong of the prima facie case–that he was replaced by a significantly younger person.   Smith has not presented any evidence that he was replaced by a younger person.   Indeed, according to the Defendants, he did not even take discovery on this fact. *See* R. 21 at 30.   Moreover, ARH did not have the ability to choose Smith's replacement–the Collective Bargaining Agreement governed who would replace him.   *See* R. 21, Exh. F at Art. 10. Though ARH's lack of discretion does not necessarily mean it cannot commit age discrimination, Smith has presented no evidence that, for instance, ARH knew his replacement would be significantly younger because of the operation of the CBA and fired him for that reason.   Since Plaintiff has failed to do anything beyond rest on his complaint to establish his prima facie case for age discrimination, he cannot withstand summary judgment on this claim either.

12

CONCLUSION

Accordingly, it is **ORDERED** as follows:

1) The Hearing previously set for February 18, 2009, is **VACATED**.

2) Plaintiff's Motion for Remand, R. 23, is **DENIED**.

3) Defendants' Motion for Judgment as a Matter of Law, R. 21, is **GRANTED**.

4) Counts II and VII are **DISMISSED** as moot and Donna Williamson is **DISMISSED** as a Defendant in this matter.

5) Pursuant to Federal Rule of Civil Procedure 12(b)(1), Counts I and III are **DISMISSED** because this Court lacks subject matter jurisdiction over these claims.

6) Pursuant to Federal Rule of Civil Procedure 56, summary judgment is **GRANTED** in favor of Defendant on Counts IV and V.

7) Judgment shall be entered contemporaneously with this Memorandum Opinion & Order in favor of Defendants.

This the 12th day of February, 2009.

**Signed By:**

**_Amul R. Thapar_**  AT

**United States District Judge**

13